PRQVOSTY, C. J.
(dissenting). Title to •real estate is determined exclusively by the public record in the recorder’s office. McDuffie v. Walker, 125 La. 152, 51 South. 100.
The title stood thus of record in the name of Zeigler, and had so to stand until the defect in the foreclosure proceedings and in the deed to Dalby had been cured. This cure could be effected only by means of a direct suit for that purpose — such a suit as, we are informally advised, has now been brought and carried to a successful termination.
Had the result of that suit been different, Dalby would have had for now several years all the benefits of an injunction staying the execution of plaintiff’s moneyed judgment without having given bond or incurred .any danger' of legal penalties, all through what would have been the arbitrary action of the sheriff in constituting himself court and jury for determining that title had passed from Zeigler to Dalby by the defective foreclosure proceedings.
To my mind the legal situation is a simple one. When the sheriff is called upon to seize real estate, he must do so if the title stands of record in the name of the defendant in writ. Such a thing is entirely possible as that real estate should be liable to seizure for the record owner’s judgment debts, although known by everybody not to belong in reality to this record owner.
Therefore the judgment appealed from was correct.